Case 18-5026, Jeremy Durham v. Larry Martin, et al. Argument not to exceed 15 minutes per side. Mr. Harbison, you may proceed for the appellant. It please the court. I'm Bill Harbison of the Nashville Bar, and I'm here representing the plaintiff below Jeremy Durham, who is the appellant in this court. How many minutes have you reserved? I've reserved three minutes for rebuttal, Your Honor. The facts at issue in this case are really quite simple. The plaintiff was a member of the Tennessee House of Representatives. He was an elected state official. And in the course of his service as an elected representative, he was voted out of office at a specially called session of the Tennessee legislature. We have alleged that the vote, the legislative action, was unconstitutional under the Tennessee Constitution and that that gave rise to a deprivation of Mr. Durham's pension and health insurance benefits. So we have not alleged that his right to hold office was somehow a protected liberty interest that would be covered under the Due Process Clause. But we have alleged that his pension and health insurance benefits were deprived because he was voted out of office unconstitutionally. I want to understand the Tennessee law on eligibility for retirement benefits for a member of the General Assembly. I'm having difficulty understanding why this 836202 applies to members of the General Assembly, given that subsection C says this provision shall not apply to members of the General Assembly. But it seems that both parties in this case seem to be arguing it does apply. Both parties – the allegations are, and what Mr. Durham was told in the emails, one of which is attached to the complaint, is that he would have been entitled to certain benefits, pension and retirement benefits, if he had served out his term of four years. Okay. If he had served out his term. So this is a legal question. Yes, Your Honor. That's right. I mean, basically, he was expelled at a vote, so the legislature, the House, took action and voted him out of office. And then what we've alleged in the complaint is that that had consequences for his tangible financial benefits. That's really it in a nutshell. Did you ever present these arguments to an administrator of why you should be entitled to the benefits? The administrator, one of whom we sued, we attached an email to the complaint where the administrator ruled that he was not eligible for the benefits. And that email is attached as an exhibit to the complaint. It's exhibit B to the complaint. And the only issue before this court is whether Mr. Durham has standing to proceed. Whether he is someone who, number one, has sufficient concrete injury particularized to him under cases like the Lujan case, Justice Scalia's opinion in the Lujan decision. I have a question. Yes, Your Honor. I want to get at, and in order ultimately to get to the standing issue, I want to get at what your federal claim here. Are you familiar with a kind of Pennhurst line of cases that, well, let me ask this first. You're suing these defendants in their official capacity, right? Yes, Your Honor. And so, in effect, it's a suit against the state. That's right. All right. So, normally, the states are immune in federal court, right? Yes, they are. But there's an exception under Ex parte Young. That's what this case is about. That's what this case is about. All right. So, here's my question then. If you're going under that, the Pennhurst line of cases I mentioned a minute ago, it says that you can't bring an Ex parte Young case for a claim based on state law. That would be a violation of federal law. So, you've got to have a federal claim, and I understand your claim to be one that arises in procedural due process. Is that correct? That's correct. Normally, to even state a claim in procedural due process, you've got to claim that you're entitled to some kind of process where you can convey to the decision maker something about yourself or about your claims. You can't just say, oh, no, the statute doesn't give me relief. Because if you just say, oh, no, the statute just doesn't give me or does give me relief, the state statute, then you're violating Pennhurst, right? So, this is not a standing issue, but it will help me understand the nature of the issue that you're saying you have standing. Well, I guess your Honor is right that what we understand to be our argument is that Mr. Durham was deprived of these benefits as a result of a vote by the Tennessee House of Representatives, and then that action was carried out by state officials. That was illegal under Tennessee law. I'm sorry? And that that was illegal under Tennessee law. That the vote was illegal and that, therefore, he was deprived of due process. But the only due process violation that you've stated so far is that it was in violation of Tennessee law. And it's pretty clear that that stated by itself can't be a procedural due process violation. Well, it's a deprivation of a protected property interest. It's only a protected property interest if you win on the legal issue. If you don't win on the legal issue, it's not a protected property interest, right? Well, the legal issue being whether the vote was legal or not legal. That's the only thing you're challenging. It's just mystifying how, to me, how that raises. And that, of course, was not the basis of the trial court's decision. I understand. But if we agree with you that you do have standing and you go back, I'm just alerting you to my puzzlement. I understood, Your Honor. You don't even have a colorable argument that you can sort of lay out in a sentence or two as to what we can affirm on all. Well, I think our sentence simply is that – I'm sorry to interrupt the court. Go ahead. Our sentence simply is – our argument simply is that when a person is deprived of life, liberty, or property without due process, that is itself a violation. You say without due process. But it's – in a case where your only argument that you're entitled to it is an interpretation of state law, you can't turn every challenge to the not getting money from the state into a due process issue just by saying I'm entitled to it, right? Well – If you're getting state benefits and the state legislature terminates those benefits, you may have a claim that they didn't legally terminate those benefits, but it's not a procedural due process claim unless they terminated it on the basis of something you did. Are you with me? Well, I think I follow what the court is saying. Yes, Your Honor. But when they do so without any process or without a process – They can. The legislature can stop programs, and the law is pretty clear that's not a due process violation because they didn't stop it because you didn't pay or because you got better or because you're healthier or because you're no longer disabled or something like that. They just stopped the program. And you can say they stopped it illegally, but that's a state law issue. It's not a procedural due process claim. I understand the court's concern, but here what they did, they didn't just stop a program in this instance. But they didn't do anything that you're alleging on the basis of – the illegality of what they did that you're alleging is not that they didn't take into account whether he did something that warranted being expelled, or is it – No, that's not the basis. So once you say it's not the basis and the district court says that you have agreed that that's not the basis, I just wonder if we remand this what the point is going to be. Well, Your Honor, we have – the district court didn't raise that concern, of course. No, but I'm raising it. I know you are. You don't have an argument, basically, right? Well, Your Honor, my argument is – You might want to tell your client that the judge is puzzled as to whether there's any there there. I've set it out as best I can. What we were focused on for this appeal, of course, is whether he makes out the elements of standing, whether he sued the right defendants. Well, suing the right defendants isn't really standing. Well, I don't think so. It's whether you get relief. I think that's whether it's redressable. I think that's right. You have a strong argument on that, I understand. Well, thank you. I have trouble seeing what you're going to do on remand, though, and you're not able to articulate it. Well, and I apologize, Your Honor, if I can't – I mean, I just don't see what's there. I understand the court's concern, and that's something we will have to work on at the trial court level. I understand that. But we lost on an error of law. We lost based on an erroneous interpretation of the court labeled it a standing question, and we feel that it was erroneously ruled upon on that basis. And that's why we're asking that it be reversed, because this ruling on standing was basically something that said the legislature caused this, not the particular defendants that we sued, that the cause, which we suggest under the Lujan case, is not the kind of causation that is of concern to a question of standing. And it's really on that basis, and that's a very simple argument, and I need not take all my time if the court doesn't have other questions on that. Mr. Harbison. Yes, Your Honor. I apologize for not being there this morning. Understood. Did these defendants have the discretion to grant Mr. Durham's benefits? Well, the email that's attached to the complaint as Exhibit B suggests that they did, because it says that Commissioner Martin made the determination to not grant the benefits based on consultation with the State Attorney General. Is there a plausible argument that you have that expulsion could equal retirement for purposes of lifetime benefits? I'm not sure about that, Your Honor. That's not an argument we've been able to explore yet, because we've been stopped based on standing. So we haven't reached the merits of that question, and whether that is right or wrong is an issue to be developed. The statute of limitations, your answer would be the same? You haven't had the opportunity? Well, we haven't had a question raised about statute of limitations. All right. That's right, Your Honor. Thank you. Thank you. If the court has no further questions, we're very simply asking that the court reverse the ruling based on standing and reverse the dismissal, because we would suggest that the ruling in this instance does violence to the doctrine of Ex Parte Young. It does violence to existing precedent describing how federal courts analyze standing.  Thank you, Your Honors. Good morning, Your Honors. I'm Janet Kleinfelter with the Tennessee Attorney General's Office, and I am here on behalf of the defendants. The defendants are the Commissioner of the Tennessee Department of Finance and Administration, the State Treasurer, and the Director of Administrative Services for the legislature. Your Honor, I'd like to go ahead and address the last question that Judge Watson raised about the discretion that these officials had in applying state law, and I would respectfully disagree that they had any discretion. It's not as if they could have looked at and gone behind the reasons why the plaintiff was no longer a state employee for purposes of health insurance and retirement benefits. They simply applied the law as it exists. Now, yes, Commissioner Martin did look at the statute which says that upon retirement from the General Assembly, a member of the General Assembly can choose to keep their health insurance benefits, and said expulsion does not meet retirement. They're not the same. And if you look at the complaint that was filed by the plaintiff, they do not allege that the plaintiff retired from the General Assembly. In fact, they repeatedly allege that he was expelled from the General Assembly. So the issue here as to whether or not he gets the benefits is whether or not it's expulsion or retirement. Is that the issue? The four years is kind of a red herring in that statute. That is a red herring. That goes to the retirement benefits. And, Your Honor, we actually cited there's two different statutes, one of which says it's four years, one of which actually says five years, because members of the General Assembly serve terms that are in two-year. There are even number terms. The four-year statute is applied. But regardless, the plaintiff didn't meet either one of those, and he doesn't allege in his complaint that he met the four-year or the five-year. So that is something of a red herring. Okay, okay. That clarifies then why, because it looked like the district court was saying, you know, this statute didn't apply, and yet the parties were both seeming to say it did apply, and it was kind of left unresolved. I mean, I didn't understand. Right, and there is the other statute, and we actually cited it in our brief. So your side's contention would be the five-year would apply, not the four-year? Or does it really matter? It doesn't really matter because the facts, as alleged in the complaint, demonstrate that the plaintiff did not have four years of service, four years of credible service. And if he didn't have four years, he certainly didn't have five years. So regardless of which statute you apply, he did not meet those requirements. And are you in agreement that if we find there is standing here, we don't go into the merits, we just send it back? No, Your Honor, I would disagree with that, because standing was not the only issue that we raised before the district court. And the facts here are not in dispute. The facts were all before, Your Honor, and this court can determine whether or not plaintiff has actually stated a claim. And as Judge Rogers has recognized, that even if you were to find the plaintiff had standing, he hasn't stated a claim for violation of federal law. His only argument is, is that, well, I have due process based upon the alleged. . . You didn't argue that in your briefs that we should affirm on alternative grounds. We did not argue that, Your Honor, in our briefs. But this court. . . I suppose. But I wonder if it's advisable for us to do it if it hasn't really been argued to us in your briefs. Well, Your Honor, I think if you look at, it was argued in the trial court. I understand, but I'm talking about arguing to us. I agree. I agree. However, the plaintiff did have the opportunity to fully brief that issue before the trial court. The trial court chose not to reach the issues once the trial court determined that standing. I understand. I'm just saying it's a matter of your process. If you want us to affirm on alternative grounds, you probably ought to brief it. I would agree, Your Honor. We should have briefed it, I'll be quite frank. And this is the reason why I'm here and you're there. And that is that I, quite frankly, did not think about this, the Pennhurst line of cases. We were focused on the fact that the. . . Let's assume that Pennhurst is distinguishable in some unimaginable way. Okay? And that they're right. Right? And an injunction were entered by the district court telling those people to go ahead and pay. Would they have to pay? Your Honor, we would submit that that would actually put those state officials in the position of violating state law. Well, but federal law trumps state law and they would have to pay, wouldn't they? Well, that's assuming that this plaintiff actually has a protected property interest. Because before you can. . . Let's assume all of those legal issues against you, which I wouldn't because a lot of them are really weak. All right? But assume it. Okay? Then would they have to pay? I think we'd be back up here arguing that that was wrong. And if we affirmed it, then they would have to pay. Then, yes, we would have to pay. So there's standing. Except that the second element of standing is that you have to demonstrate a causal connection between. . . Well, but there is because the relief is you pay and there's a causal connection between a judgment that you pay and whether he actually gets the money. Your Honor, I have to respectfully disagree with that because the actions that the plaintiff has complained about in his complaint are the actions of the Tennessee legislature. Well, the action that he's complaining about is that they're not paying him. And all these officials. . . And if, very hypothetically, we agree with all the legal bases for the conclusion that payment has to occur, then what he's asking for is pay me. It's very different from Lujan where the relief sought was some sort of action in the government and then the question was whether that would benefit him. It would seem to me an order, pay me, is something that benefits him. Does that make sense? Yes, Your Honor, it makes sense. The problem I have with it. . . That's the problem I'm having with saying that this is a standing question. It just seems to me like this is a huge delay in getting to the reasons for why this case maybe ought to be thrown out. And that maybe is the same problem that I'm having because to me the standing issue is so intertwined with the fact that the plaintiff, number one, did not actually apply for one of the benefits he is now asking this court to order. But the fact that they're asking for the legal steps towards the order to pay him or to give him benefits, those are legal issues. Those aren't standing issues. I agree, Your Honor. That's why the courts are there to resolve legal issues. I agree, Your Honor. I would submit that there is, however, enough in the record. We did, as I said, below in the trial court. We raised multiple arguments. We didn't just raise the jurisdictional issue. We also raised failure to state a claim. And I think that there is. . . You have to be careful what you ask for. I agree, Your Honor. If you ask for arguments you can defend on appeal, things go faster than if you just throw in every argument possible. You may get one that's hard to defend on appeal. I agree, Your Honor. And part of the issue here is that the plaintiff is the one that we're responding to plaintiff's brief. We didn't have necessarily a reason to appeal, to raise on appeal, the fact that the trial court did not reach the alternative grounds that we had asserted below. No, you wouldn't be. . . You would be arguing affirmance on alternative grounds is what you would be doing. You wouldn't really be appealing the district court's decision in that kind of a situation. Well, anyway, it's all. . . I mean, it's all not related to the standing issue. I just raise that as a matter of how cases should proceed through the appellate courts. And I agree. And that was error upon our part for not having raised all of the issues in our brief in response. I'm not saying people need to raise every issue if you have a really strong issue. But if it's one that's got some weak points to it, it's sometimes helpful to raise the alternative ones. And, again, that was error on our part to not raise the alternative ground of the failure to state a claim here. I think that when you look at the complaint and when you look at the allegations in the complaint and the arguments that were fully briefed in the trial court on those grounds, that that is an alternative ground the court can reach. It does not require the court remanding it back for any sort of discovery because the facts are not in dispute. And the statutes in question that were being administered here by these defendants have not been challenged by the plaintiff. There's no allegations in the complaint that these statutes are unconstitutional. There's no allegation in the complaint that these defendants improperly interpreted the statutes or improperly applied them or acted beyond the scope of their authority. The complaint simply says the Tennessee legislature expelled me, and then the defendants applied state law just like they do to every other state employee that terminates their relationship with the state of Tennessee. They applied state law and determined that I'm not eligible for the benefits in question. And going to the question, Your Honor, that you raised, Judge Bush, about whether or not they actually presented in their arguments to an administrator. No, they did not. There are no allegations in the complaint that plaintiff actually ever even applied for the retirement benefits, which state law does require you to do that. With respect to the health insurance benefits, what you have in the record is the e-mail, a sole e-mail in which plaintiff inquired and got the response back that expulsion is not the same as retirement, but he never formally applied for those benefits, nor is there any allegations or evidence in the record that the plaintiff availed himself of post-deprivation remedies, the remedies that are available under state law, to challenge a decision denying you health insurance benefits, retirement benefits, all of which are available to all state employees. And so we still submit that the trial court was correct in finding that the plaintiff did not have the requisite standing here, that he did not demonstrate that the injury was the result of the actions of these defendants who were doing nothing more than acting as administrators of the state law. The injury was the result of the actions of the Tennessee legislature who was not before, or the Tennessee House of Representatives actually, not the entire legislature, but just the House of Representatives. And they are not here before this court. And we would ask the court to affirm. In the alternative, although we did not argue it in our brief, and I apologize, we do think this court could affirm on the grounds that we have discussed this morning with respect to both the Pennhurst cases as well as the failure to state a claim. The complaint simply does not establish that this plaintiff, one, had a protected property interest in either of these benefits, and two, that the plaintiff has demonstrated that to the extent he actually applied for and was deprived of these benefits, that he did not avail himself of the post-deprivation remedies or that those remedies were inadequate or were improperly applied to him, all of which were available, none of which are pled in the complaint. And, Your Honor, we're fully briefed below, and the plaintiff had full opportunity to ask the court for the opportunity to amend their complaint, but never did so, never asked for that opportunity to put those facts in that would demonstrate that they had stated that claim. And so for these reasons, we would respectfully request that the court affirm the decision of the trial court. And unless Your Honors have any further questions? I don't believe we do. Thank you. Thank you. May it please the Court, I really don't have any rebuttal to make other than to point out that the sole basis for the dismissal of this complaint was standing. That was the sole basis below. And that's why we are here. So we ask that that be reversed and that we be allowed to then develop the other issues if they need to be developed. But there is no record here. This was dismissed for failure to state a claim because of standing and standing only. Just to be absolutely clear, though, your claim and the claim, if we were to reverse, that you would be making is not one that depends on the ability of your client to show to the decision makers any facts related to why he was denied these benefits. Your Honor, not really. Although I'm hesitant to commit myself to what we would do below because, you know, I don't know what's going to be raised if it goes back. You're talking about the theory of your case. You're very familiar with that. I am. And the basic theory is that these state officials... I understand the basic theory, but I'm just saying there's no part of that basic theory that relates to... There's not. Okay. Thank you very much. Thank you, Your Honor. That's candid. Thank you, Your Honor. I appreciate it. Thank you. The case will be submitted.